UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

BART DAVIS,                               )
                                          )
          Plaintiff,                      )
                                          )
v.                                        )
                                          )          No. 6:19-CV-00096-MAS
AMERICAN HIGHWALL MINING,                 )
LLC,                                      )
                                          )
          Defendant.                      )

## OPINION & ORDER

Plaintiff Bart Davis ("Davis") moves to compel Defendant American Highwall Mining, LLC ("AHM") to respond more fully to certain interrogatories and document production requests. [DE 21]. AHM responded to the motion [DE 23]; Davis did not elect to reply. The parties agree that some extension of the expert disclosure deadlines is warranted, though the precise extent hinges on resolution of the motion to compel. As the briefing adequately outlines the contested issues and develops the parties' respective positions, the Court does not perceive a conference is needed to resolve the instant dispute.

## I.     RELEVANT BACKGROUND

In 2010, Davis leased mineral rights in a Whitley County, Kentucky property ("the Property") to AHM for mining purposes. [DE 1, ¶ 6]. AHM agreed to pay Davis the greater of either 6% or $3 per (net) clean ton of coal mined from the Property. [*Id.*, ¶ 9; DE 1-1 (Lease)]. The parties' lease ("the Lease") requires AHM to provide Davis with specified information concerning mining operations on the Property and the coal output generated. [DE 1, ¶¶ 10–13]. Davis filed this action in April 2019, seeking a declaratory judgment recognizing AHM's disclosure obligations under the Lease (and demanding a

1

full accounting) and alleging that AHM breached the Lease by withholding required information and by failing to compensate Davis per the Lease's terms. [*Id.*, ¶¶ 19–29]. Davis requests both monetary and injunctive relief stemming from the asserted breach. [*Id.*].

The parties consented to the jurisdiction of a United States Magistrate Judge for all proceedings in this case, including trial and judgment [DE 13, 14], and the Court entered a Scheduling Order [DE 20]. Consistent with the parties' proposal [DE 12], the schedule imports the Rules' discovery response timing directives. Interrogatory and document production responses thus were due within thirty days of the respective request. Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2(A). AHM does not dispute that its responses were late. [DE 21-1, at Page ID # 95 (certifying service of interrogatories and document production requests on March 17, 2020); DE 21-3, at Page ID # 109 (certifying service of interrogatory responses on May 13, 2020); DE 21-4, at Page ID #119 (certifying service of document production responses on May 7, 2020); DE 21-1 (email exchange between counsel discussing late responses and extensions)].

Unsatisfied with the responses, Davis raised several issues with AHM via letter. [DE 21-5]. AHM sought additional time to address and remedy any deficiencies. [DE 21-6, at Page ID # 123]. AHM tendered supplemental document production responses on August 7, 2020 [DE 21-7] but did not supplement its interrogatories. The record, containing several communications between the parties concerning the at-issue discovery responses, confirms Davis's efforts to extrajudicially resolve the instant dispute.

## II.   ANALYSIS

The pending motion challenges the completeness of AHM's responses to two interrogatories and seven document production requests. Davis further contends that, due

to AHM's deficient discovery responses, he is unable to identify and disclose his experts on the current schedule.

As a general matter, Rule 26 permits discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," based upon the balance of several listed factors. Fed. R. Civ. P. 26(b)(1). Fairness and practicality considerations centrally drive the Rule 26 inquiry. At bottom, "[a]lthough a plaintiff should not be denied access to information necessary to establish her claim, neither may a plaintiff be permitted to go fishing[,] and a trial court retains discretion to determine that a discovery request is too broad and oppressive." *Superior Prod. P'ship v. Gordon Auto Body Parts Co.*, 784 F.3d 311, 320–21 (6th Cir. 2015) (quoting *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007) (internal quotation marks omitted)). In the motion to compel context, "[t]he party opposing discovery bears the burden of resisting disclosure." *Myhre v. Seventh-Day Adventist Church Reform Movement Am. Union Int'l Missionary Soc.*, 298 F.R.D. 633, 637 (S.D. Cal. 2014).

A party objecting to a discovery request must particularly state the objection grounds; a boilerplate objection has no legal effect. *See, e.g.*, *Four Fibers, L.L.C. v. Keps Techs., Inc.*, No. 2:18-CV-13867, 2019 WL 6339814, at *1 (E.D. Mich. Nov. 27, 2019) (collecting cases*); Siser N. Am., Inc. v. Herika G. Inc.*, 325 F.R.D. 200, 209–10 (E.D. Mich. 2018) ("Boilerplate objections are legally meaningless and amount to a waiver of an objection."); Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); Fed. R. Civ. P. 34(b)(2)(B) (requiring document production request responses to "state with specificity the grounds for objecting

to the request, including the reasons" the objecting party is withholding any responsive materials).

AHM acknowledges the impropriety of general objections [DE 23, at Page ID # 135] and notes that it has supplemented its document request responses and withdrawn general objections.  AHM represents that it likewise will supplement its interrogatory responses to remove lingering general objections.  To the extent Davis broadly challenges AHM's improper use of general objections and contends that any such objections are waived, the Court agrees.  The Court **GRANTS** this largely unopposed motion subset. AHM **SHALL**, **within ten days**, supplement any discovery responses reliant only on general objections and provide the sought information and/or materials.

Against this foundational backdrop, the Court evaluates each specifically challenged discovery response.

## A.    INTERROGATORY NO. 3

Davis asked AHM to "[i]dentify all litigation or arbitration proceedings to which AHM was a party in the preceding five years."  [DE 21-1, at Page ID # 89].  AHM "object[ed] to this Interrogatory on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence, is overbroad and burdensome." [DE 21-3, at Page ID # 105].  As Davis notes, Rule 26 no longer imposes the "reasonably calculated" standard.  Nor is this discovery request, a routine and standard question,[1] overbroad or unduly burdensome.  It is appropriately tailored to case needs, limiting the prior litigation

---

[1] Davis represents that AHM submitted a parallel request to Davis, which Davis willingly answered.  [DE 21, at Page ID #83].  Davis does not, though, attach the referenced request.

window to the preceding five years and asking AHM only to *identify* prior suits—not to produce records, etc. from them.

Further, prior litigation involving, for example, the interpretation of similar AHM lease language would have clear relevance to the breach issues in this case.  Davis is entitled to discover whether AHM has been involved in such lawsuits and discern whether AHM's position there was (or was not) consistent with its approach in this case.  In sum, Interrogatory No. 3 is facially within the Rule 26(b) scope, and AHM's general objection to it provides no legitimate oppositional basis.  The Court thus **GRANTS** Davis's motion as to this request and **ORDERS** AHM to respond to it fully **within ten days** of this Order.

## B.   <u>INTERROGATORY NO. 8</u>

Davis inquired as to "the entire legal and factual basis for [AHM's] affirmative defenses of estoppel, waiver, laches, and payment."  [DE 21-1, at Page ID # 91].  AHM objected "on the grounds that [this interrogatory] calls for legal argument or attorney work product" and provided no substantive defense bases.  [DE 21-3, at Page Id # 108].  In response to Davis's motion to compel, AHM simply advises that it will supplement its response.  [DE 23, at Page ID # 136].

A so-called "contention" interrogatory such as this is typically permissible: "'Contention' interrogatories . . . seek to clarify the basis for or scope of an adversary's legal claims. The general view is that contention interrogatories are a perfectly permissible form of discovery, to which a response ordinarily would be required."  *Starcher v. Corr. Med. Sys., Inc.*, 144 F.3d 418, 421 (6th Cir. 1998), *aff'd sub nom. Cunningham v. Hamilton Cty., Ohio*, 527 U.S. 198 (1999); *see also Advantage Industial Sys., LLC v. Aleris Rolled Prod., Inc.*, No. 4:18-CV--113, 2020 WL 4432415, at *2 (W.D. Ky. July 31, 2020) ("[C]ontention interrogatories that ask a party to state the facts upon which it bases a

specific claim or defense are a permissible form of written discovery."); Fed. R. Civ. P. 33(a)(2).

Accordingly, the Court **GRANTS** the motion as to Interrogatory No. 8 (noting that it is essentially unopposed on this issue).  AHM **SHALL** fully respond to this request **within ten days**.[2]

## C.    DOCUMENT PRODUCTION REQUEST NO. 3

Davis seeks "all documents, electronic data, and/or tangible things in [AHM's] possession, custody, or control that refer or relate to any internal communications at AHM regarding its obligations pursuant to the Lease."  [DE 21-1, at Page ID #92].  In response, AHM initially noted that it was "reviewing its records for any correspondence responsive to [the] request" and would supplement accordingly.  [DE 21-4, at Page ID # 114].  AHM later represented, in its supplemental responses, that it "ha[d] found no internal communications regarding the Lease."  [DE 21-7, at Page ID # 126].  In response to Davis's motion, AHM outlined the search terms used to comb the internal files and maintained that it found nothing responsive to this request.  [DE 23, at Page ID # 136].[3]

Though Davis asserts that this outcome is implausible, he points to no real proof suggesting as much.  The Court cannot compel production of documents that AHM insists do not exist based solely on Davis's contrary speculation.  And, to the extent Davis asks

---

[2] AHM does not ask to defer responses to contention interrogatories until later in the discovery process.  *Cf. Francis v. Lakewood Eng'g & Mfg. Co.*, No. 05-2429 MAV, 2006 WL 8434945, at *2 (W.D. Tenn. July 18, 2006) (discussing the "substantial trend among courts of deferring answers to contention interrogatories propounded early in the discovery process").  In any event, at this point, only three months remain in discovery on the current schedule.  The parties are no longer in the nascent discovery stages.

[3] The Court somewhat questions the relatively narrow search term scope.  But, Davis has not challenged the terms used (despite express reply opportunity), and the Court is reticent to interpose *sua sponte*.

the Court to force AHM to disclose its search methodology, AHM has done so in its response.  Davis has not challenged it.[4]

The Court **DENIES** the motion to compel as to this discovery request.

### D.    DOCUMENT PRODUCTION REQUEST NO. 11

Davis requests "[a]ll documents reflecting the financial resources, personnel, and equipment invested by AHM to mine coal from the Property."  [DE 21-1, at Page ID # 92].  AHM generally objects, characterizing the request as "overbroad and burdensome."  [DE 21-7, at Page ID # 127].  AHM further resists disclosure on the grounds that this "information [is] available through the deposition of individuals described in the Defendant's Rule 26 Disclosure Statement."  [*Id.*].  Information concerning AHM's Property-specific mining resources and efforts is centrally relevant in this case.  The declaratory judgment count specifically seeks an accounting, and Davis fairly may probe whether, and to what extent, AHM has been mining the Property during the Lease period.  These details foundationally shape the ultimate compensation question.  Moreover, the request is appropriately narrowed, tied only to the Property at issue.  AHM's general objections are without merit.

Further, as Davis notes, AHM provides no authority or other support for its contention that withholding otherwise-proper written discovery responses is permissible because the same information may later be learned via deposition.  The Rules do not contemplate such an either/or result.  *See Winchester v. City of Hopkinsville*, No. 5:13-CV-220-TBR, 2014 WL 7005422, at *3 (W.D. Ky. Dec. 10, 2014) (rejecting an argument that

---

[4] Davis also briefly urges the Court to compel AHM to outline its document retention policies.  Such an inquiry is beyond the reasonable scope of the at-issue discovery request.  Davis is free to request such information from AHM in the ordinary course of discovery, but the Court will not compel its disclosure in the current posture.

requested documents need not be produced because they were available to the propounding party by other means).  This is not a valid objection basis, and the sought materials are otherwise discoverable via Davis's proper request.  Accordingly, the Court **GRANTS** Davis's motion as to this document query and **ORDERS** AHM to respond fully to the request **within ten days**.

### E.    DOCUMENT PRODUCTION REQUEST NO. 12

Davis has sought: "All documents reflecting the details of AHM's mine plan, the order in which AHM conducted the mining, the calculation of coal removed from the Property on a monthly basis, and the amount of coal removed from the Property." [DE 21-1, at Page ID # 92].  Though AHM has produced some responsive documents [*see* DE 21-7, at Page ID # 127–28], the parties concur that the disclosures to date have been incomplete.  AHM agrees to supplement its August 2020 responses and produce additional mine-plan-related records in its possession.  [DE 23, at Page ID # 138].  Accordingly, the Court **GRANTS** the motion to compel in this (unopposed) respect; AHM **SHALL** fully respond and produce all documents germane to Request No. 12 **within ten days**.

### F.    DOCUMENT PRODUCTION REQUEST NO. 16

This request encompasses "[a]ll maps prepared pursuant to Section 6.1 of the Lease to include, without limitation, transit surveys, mining maps, and any maps or other reports required by the state [or] federal laws." [DE 21-1, at Page ID #93].  Despite objecting "on the grounds that these were previously provided to Plaintiff in 2014 and already in Plaintiff's possession, are in the possession of third parties, and are equally accessible to the Plaintiff[,]" AHM represented that it attached a single map to its supplemental discovery responses.  [DE 21-7, at Page ID #128].  What Davis actually received, though, is not entirely clear from the record.  Davis asserts that he has not yet received the single

referenced map, but he does claim to have received a (not-entirely-legible) mining and reclamation plan that AHM submitted as a part of the initial permit application process.

In any event, as AHM acknowledges, Sections 6.1 and 6.2 of the Lease[5] plainly contemplate an ongoing duty on behalf of AHM to prepare, maintain, and disclose to Davis certain maps.  Davis rightly notes that, to the extent post-2014 maps that fall within the Section 6.1 ambit exist, they are discoverable in response to Request No. 16.  Indeed, Section 6.2 explicitly requires AHM to provide them.  AHM agrees to provide them to Davis.  The Court **GRANTS** the motion to compel as it pertains to the Section 6.1-covered maps and related documents; AHM **SHALL** provide these to Davis **within ten days**.

The Court does not, however, compel production of the amorphous "other reports" mentioned in the request.  Request No. 16, as phrased, targets only documents covered by Section 6.1 of the Lease.  A fair reading demonstrates that the (non-exhaustive) list of documents Davis includes is simply illustrative of the Section 6.1-covered document categories.  It does not purport to expand the request scope.  And Section 6.1 does not mention or describe "other reports required by the state [or] federal laws."  Nor is it clear,

---

[5] This section provides:

> The Lessee aggress to employ a registered mining engineer, who shall: (A) make accurate transit surveys; (B) prepare the plans for mining, showing refuse disposal areas, extent and location of all surface mining pits; highwalls or face of the Leased coal and reclamation method after removal of the Leased Coal; (C) determine elevations and (D) prepare and keep maps showing the same upon and upon such scale as may at the time be required by the laws of the Commonwealth of Kentucky or the United States of America.

[DE 1-1, at Page ID # 10].  Relatedly, per Section 6.2, AHM "agree[d] to make available to Lessor when requested by Lessor, copies of the maps prepared pursuant to Section 6.1, above."  [*Id.*].

from Section 6.1 or Request No. 16, the particular types of reports Davis here seeks.  *See* Fed. R. Civ. P. 34(b)(1)(A) (requiring the propounding party to "describe with reasonable particularity each item or category of items to be inspected").  Accordingly, as the "other reports" are beyond the written Request No. 16 scope and unclearly defined, the Court **DENIES** Davis's motion as to this vague document class.

## G.   DOCUMENT PRODUCTION REQUEST NOS. 17, 18, AND 19

These requests seek various reporting forms and other documents submitted to government agencies, specifically: "[a]ll Form 7000-2 Quarterly Mine Employment and Coal Production Reports for the period AHM has operated on the Property" (Request No. 17); "[a]ll OSM-1 Form Coal Reclamation Fee Reports for the period Defendant has operated on the Property" (Request No. 18); and "[a]ll maps, or reports submitted to the Kentucky Department for Natural Resources, Division of Mine Safety related to the Property" (Request No. 19).  [DE 21-1, at Page ID #93].  In its supplemental responses to Request Nos. 17 and 18, AHM challenged the relevancy of the sought reports,[6] arguing that they covered mines beyond only the Property and reflected raw (rather than merely clean) coal tonnage.  [DE 21-7, at Page ID # 128–29].  Nonetheless, AHM provided at least some responsive documents.  Davis, though, contends that the disclosure was incomplete.

Per Rule 26's proportionality standard, discovery in this category should be limited to Property-specific documentation relevant to the at-issue Lease period.  Fed. R. Civ. P. 26(b)(1) (limiting discovery to matters "relevant to any party's claim or defense and *proportional to the needs of the case*") (emphasis added).  The claims in this case relate

---

[6] AHM also, as it has done in other responses, premised its objection on inadmissibility of the requested proof.  The Rules clearly bar such an objection.  *See* Fed. R. Civ. P. 26(b)(1) ("Information within this scope of discovery need not be admissible in evidence to be discoverable.").

only to mining occurring on the Property and within the Lease window.   However, to the extent reporting requirements more broadly pertain to the full mine (here, only partially operating on the Property), the reports are applicable to the Property at least in part and discoverable in response to Request Nos. 17 and 18.

Though the reports' blending of Property and non-Property mining activities may diminish their ultimate evidentiary value or weight, it does not negate their base relevance for discovery purposes.  *See, e.g., Herriges v. Cty. of Macomb*, No. CV 19-12193, 2020 WL 4726940, at *2 (E.D. Mich. Aug. 14, 2020) (emphasizing that "[t]he requesting party has an extremely low bar for showing relevance" under Rule 26(b)) (quotation marks omitted).  Even where certain reports' coverage extends beyond the Property (or, relatedly, where the reports reference total raw rather than clean tonnage), they still may be relevant in piecing together the full picture of Property-specific mining activity.  These records *alone* may not clearly reveal the extent of mining on the Property, specifically.  But parsing the reports in context of the full discovery fairly may aid Davis in exploring and substantiating his claims.  The reports targeted by Request Nos. 17 and 18 thus clear the Rule 26 relevance hurdle.  Further, the requests are expressly limited to specific, identified reports related to AHM's mining of the Property under the Lease.  This satisfies the proportionality standard.

In sum, consistent with the written request scope and Rule 26(b), AHM need only produce responsive documents that actually pertain to the Property and Lease time period.  But, to the extent certain requested reports more broadly cover mining activity on both the Property and at other locations, AHM must produce them in response to Request Nos. 17 and 18.  AHM has, in fact, already endeavored to comply with the requests.  The Court

thus substantially **GRANTS** the motion as to these form documents.  AHM **SHALL**, **within ten days**, provide Davis with any responsive reports not already produced.

Lastly, as to Request No. 19, AHM does not dispute that it must produce any maps or reports concerning the Property that it submitted to the Division of Mine Safety.  AHM simply challenges whether the KRS §§ 143.020 and 143.025 severance tax documents that Davis mentions in his motion fall within the written request scope.  AHM argues that such tax documents are submitted to the Revenue Cabinet, rather than the Division of Mine Safety.  Davis, despite reply opportunity, has not refuted the assertion.  The written request particularly seeks only documents submitted to the Division of Mine Safety.  AHM's production obligation in this context is thus correspondingly cabined.  *See* Fed. R. Civ. P. 34(b)(1)(A); *Locke v. Swift Transportation Co. of Arizona, LLC*, No. 5:18-CV-119, 2019 WL 430930, at \*2 (W.D. Ky. Feb. 4, 2019) ("The test for reasonable particularity is whether the request places a party upon reasonable notice of what is called or and what is not.") (quotation marks omitted).

Accordingly, the Court **GRANTS** the motion as to the Request No. 19 Division of Mine Safety documents and **ORDERS** AHM to fully produce such **within ten days**. However, the Court **DENIES** the motion as to the unrequested tax severance records. Davis may ask for those materials separately, but the at-issue discovery request does not reach them.

### III.     CONCLUSION

For the reasons discussed, the Court **GRANTS in part** and **DENIES in part** Davis's motion to compel, on the precise terms here outlined.  AHM **SHALL** provide all ordered supplementation **within ten days** of this Order.

12

Further, given AHM's delayed discovery disclosures, the Court finds good cause per Rules 16 and 6 to **AMEND** the schedule as follows:[7]

1. The Court **EXTENDS** Davis's expert disclosure deadline (formerly August 15, 2020) to **October 23, 2020**;

2. The Court **EXTENDS** AHM's responsive expert disclosure deadline (currently October 15, 2020) to **December 1, 2020**;

3. The Court **EXTENDS** both parties' expert discovery deadlines (currently December 15, 2020) to **January 1, 2021**; and

4. All other dates and deadlines in the Court's Scheduling Order persist unchanged. Any party seeking extension of additional deadlines may so request by apt motion, upon a showing of good cause.

Entered this 11th day of September, 2020.



Signed By:
Matthew A. Stinnett
United States Magistrate Judge

---

[7] Because Davis sought extension before expiration of the relevant deadline, no Rule 6(b) excusable neglect showing is required.